JAMES C. NIELSEN (111889)
 jnielsen@nielsenhaley.com
JENNIFER S. COHN (169973)
 jcohn@nielsenhaley.com
NIELSEN, HALEY & ABBOTT LLP
44 Montgomery Street, Suite 750
San Francisco, California 94104
Telephone: (415) 693-0900
Facsimile: (415) 693-9674

Attorneys for Plaintiff
DIAMOND STATE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| DIAMOND STATE INSURANCE COMPANY, *an Indiana corporation*,<br><br>Plaintiff,<br><br>v.<br><br>MARIN MOUNTAIN BIKES, INC., *a California corporation*: and ATB SALES LIMITED, *a private limited company in the United Kingdom*,<br><br>Defendants. | No. CV 11 5193 LB<br><br>COMPLAINT FOR DECLARATORY JUDGMENT. |

Plaintiff Diamond State Insurance Company, for its complaint against defendants Marin Mountain Bikes, Inc., and ATB Sales Limited, inclusive, alleges as follows:

**FIRST CLAIM FOR DECLARATORY JUDGMENT**

1. At all times herein mentioned, Diamond State was and is an Indiana corporation with its principal place of business in Pennsylvania.

1

2. Diamond State is informed and believes and on that basis alleges that defendant Marin Mountain Bikes, Inc., is a California corporation with its principal place of business in Marin County, California.

3. Diamond State is informed and believes and on that basis alleges that defendant ATB Sales Limited is a private limited company (the practical equivalent of a U.S. corporation) in the United Kingdom.

4. The Court has original jurisdiction of this action under 28 U.S.C. § 1332(a)(1) because it is a civil action between a citizen of Indiana, on one hand, and citizens of California and the United Kingdom, on the other hand, and Diamond State seeks a declaratory judgment in connection with insurance issues and an underlying lawsuit alleged below. The amounts at issue in the underlying lawsuit exceed $1.8 million, exclusive of interest and costs.

5. Venue is proper in this Court under 28 U.S.C. § 1391(a)(1) because defendant Marin is a resident of this district and under 28 U.S.C. § 1391(b) because a substantial part of the events (most importantly the underlying lawsuit) giving rise to the claims occurred in this district.

6. ATB Sales has sued Marin in an action styled *ATB Sales Limited. v. Marin Mountain Bikes, Inc.*, U.S.D.C., N.D. Cal. Action No. CV 11 4755, referred to here as the "*ATB Sales* action." The complaint in the *ATB Sales* action seeks enforcement of a foreign judgment pursuant to the Uniform Foreign-Country Money Judgments Recognition Act. The United Kingdom judgment that ATB Sales seeks to enforce has a value in U.S. dollars of at least $1.8 million.

7. Upon information and belief, Diamond State alleges that the *ATB Sales* action flows from a 2002 bicycle accident in London, England, in which one Alan Ide (not a party here) allegedly suffered injuries when he fell from a bicycle that was designed by or at the direction of Marin, manufactured in Taiwan, and distributed or sold in the United Kingdom by ATB Sales. In the *ATB Sales* action, it is alleged that, in the United Kingdom, Ide sued and obtained a money judgment for damages against ATB

Sales, and ATB Sales in turn obtained a judgment in the nature of contribution against Marin.

8. At the time of Ide's fall, Diamond State insured Marin under a policy of commercial general liability insurance, policy number MFG0000379. The Diamond State policy's "Commercial General Liability Coverage Part" (form CG 00 01 07 98) provides, in pertinent part, as follows:

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. * * *

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

      (2) The "bodily injury" or "property damage" occurs during the policy period. * * *

                      * * *

The Diamond State policy, in the same form, then provides the following pertinent definitions:

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

4.  "Coverage territory" means:
    a.  The United States of America (including its territories and possessions), Puerto Rico and Canada;
    b.  International waters or airspace, provided the injury or damage does not occur in the course of travel or transportation to or from any place not included in a. above; or
    c.  All parts of the world if:
        (1) The injury or damage arises out of:
            (a) Goods or products made or sold by you in the territory described in a. above; or
            (b) The activities of a person whose home is in the territory described in a. above, but is away for a short time on your business; and
        (2) The insured's responsibility to pay damages is determined in a "suit" on the merits, in the territory described in a. above or in a settlement we agree to.

\* \* \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

9.  Diamond State alleges upon information and belief that Ide's injury did not arise out of products made or sold by Marin in the United States, Canada, or Puerto Rico.

10. Diamond State alleges upon information and belief that Ide's injury did not arise out of any person whose home was in 2002 in the United States, Canada, or Puerto Rico, but was in 2002 away for a short time on Marin's business.

11. Diamond State alleges upon information and belief that Marin's responsibility to pay damages was determined in a suit on the merits in the United

Kingdom, not in the United States, Canada, or Puerto Rico.

12.     Marin's responsibility to pay damages was not determined in a settlement to which Diamond State agreed.

13.     An actual controversy has arisen and now exists between Diamond State, on one hand, and Marin and ATB Sales, on the other hand, concerning their respective rights and duties under the Diamond State policy regarding the *ATB Sales* action. Diamond State contends that it had and has no duty to defend or to indemnify Marin in connection the *ATB Sales* action because the damages for "bodily injury" alleged by Ide, for which ATB Sales now seeks to enforce a United Kingdom judgment against Marin, was not caused by an accident that took place in the "coverage territory." Diamond State is informed and believes, and on that basis alleges, that Marin and ATB Sales contend or will contend to the contrary.

14.     Diamond State requests this Court to make and enter its binding judicial declarations in accordance with Diamond State's contentions set forth in this paragraph. The requested declaration is both necessary and proper at this time under the circumstances in that the interest of judicial economy and substantial justice will be served thereby.

WHEREFORE, Diamond State prays for judgment as follows:

a.  That the Court make and enter a binding judicial declaration of the parties' respective rights and duties in accordance with Diamond State's contentions set forth above,

b.  That Diamond State be awarded its costs of suit incurred herein; and

c.  For such other and further relief as the Court deems just and proper.

NIELSEN, HALEY & ABBOTT LLP

October 24, 2011          By: _____
Jennifer S. Cohn
Attorneys for Plaintiff
DIAMOND STATE INSURANCE COMPANY